NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff-Appellee, <br><br> v. <br><br> DALLAS LAWRENCE, <br><br> Defendant-Appellant. | No. 18-35603 <br><br> D.C. Nos. 4:17-cv-00101-BMM <br> 4:14-cr-00072-BMM-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted July 15, 2019[**]

Before:     SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Dallas Lawrence appeals pro se from the district court's order denying his

28 U.S.C. § 2255 motion challenging his conviction and 240-month sentence for

aggravated sexual abuse, assault with intent to commit murder, assault with a

dangerous weapon, and strangulation. We have jurisdiction under 28 U.S.C.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

§ 2253. We review de novo the district court's denial of a section 2255 motion, *see United States v. Manzo*, 675 F.3d 1204, 1209 (9th Cir. 2012), and we affirm.

Lawrence contends that trial counsel was constitutionally ineffective for failing to move, on double jeopardy grounds, for dismissal of the strangulation counts as lesser-included offenses of the assault with intent to commit murder counts. Lawrence's convictions did not result in double jeopardy because the applicable statutes, 18 U.S.C. § 113(a)(1) and 18 U.S.C. § 113(a)(8), each contain an additional element that the other does not. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *United States v. McElmurry*, 776 F.3d 1061, 1064-65 (9th Cir. 2015). Accordingly, Lawrence cannot show that trial counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington,* 466 U.S. 668, 687-88 (1984).

Lawrence's motion to expand the certificate of appealability is denied. *See* 28 U.S.C. § 2253(c)(2); *Hiivala v. Wood*, 195 F.3d 1098, 1104 (9th Cir. 1999).

All other pending motions are denied.

**AFFIRMED.**